1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

SCORPIO D. PURNELL,

Plaintiff,

v.

DETECTIVE LUKE JOHNSON,

Defendant.

Case No.  15-cv-01551-BAS(NLS)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

(ECF No. 5)

18
19
20
21
22
23
24

On July 13, 2015, Plaintiff Scorpio D. Purnell ("Plaintiff"), proceeding *pro se*, commenced this action against Defendant Detective Luke Johnson ("Defendant") of the San Diego Police Department Vice Unit, under 42 U.S.C. § 1983, alleging violations of his due process rights under the Fifth and Fourteenth Amendments. (ECF No. 1 ("Compl.").)  Defendant now moves to dismiss the § 1983 claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 5.) Plaintiff opposes.  (ECF No. 8.)

25
26
27
28

The Court finds this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d)(1).  For the following reasons, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 5) and **DISMISSES** this case **WITH PREJUDICE**.

## I.      BACKGROUND

On January 7, 2012, Plaintiff was arrested for pimping by the San Diego Police Department.  (Compl. at p. 4.)  Incident to this arrest, Defendant seized from Plaintiff nine personal items totaling $57,012.00, of which $9,487 was U.S. currency.  (*Id*. at p. 12.)  On May 1, 2012, a state court jury found Plaintiff guilty of two counts of pimping, in violation of Penal Code § 266h(a).  (*Id*. at p. 15.)  Plaintiff was sentenced to five years and four months in state prison.  (*Id*.)

On May 26, 2013, Plaintiff filed a motion for return of property in the Superior Court of the State of California, County of San Diego, moving for the return of the property seized from him pursuant to his arrest.  (*Id*. at p. 13.)  At the hearing on October 25, 2013, the Superior Court ruled on Plaintiff's motion with respect to all items sought except the $9,487 in U.S. currency.  (*Id*. at p. 51.)  In a written decision issued on November 19, 2013, the court denied Plaintiff's motion for return of the $9,487 currency.  (*Id*.)  The court found the People had rebutted the presumption that the $9,487 belonged to Plaintiff based on its consideration of the evidence at trial, and in particular the testimony of Defendant at trial.  (*Id*. at p. 52.)  The Court held that although Plaintiff was holding or controlling the money at the time of seizure, it did not belong to him.  (*Id*.)  Rather, the currency at issue belonged to Ms. Williams and Ms. Silva.  (*Id*.)

On December 1, 2014, Plaintiff filed in Superior Court a request for reconsideration of the court's November 19, 2013 order denying his motion for return of $9,487 U.S. currency.  (*Id*. at p. 56.)  Plaintiff claimed that since his release from custody on September 22, 2014, he had been able to locate Ms. Williams to offer evidence in support of his motion.  (*Id*. at p. 57.)  Plaintiff attached to his request a declaration of Ms. Williams, in which she asserts that she never stated to Defendant that the money found in Plaintiff's possession at the time of his arrest belonged to her and someone else.  (*Id*. at p. 59.)

///

On December 8, 2014, the Superior Court denied Plaintiff's motion for reconsideration stating: "Not only has [Plaintiff] failed to provide sufficient justification for not bringing these new facts before the Court at the time of his original motion and the October 25, 2013 hearing on that motion, but the additional evidence proffered by [Plaintiff] would not have changed the Court's ruling." (*Id*. at p. 63.) Plaintiff's petition for writ of mandate was denied by the California Court of Appeal, Fourth Appellate District on February 27, 2015. (*Id*. at p. 67.) Plaintiff's petition was later denied by the California Supreme Court. (*Id*. at p. 68.)

On July 13, 2015, Plaintiff commenced this federal action against Defendant under 42 U.S.C. § 1983, alleging violations of his due process rights under the Fifth and Fourteenth Amendments. (*See* Compl.) Plaintiff seeks $25,000 in damages and $25,000 in punitive damages, claiming that Defendant violated his due process rights by knowingly tendering false testimony that influenced a court's decision to deny him the return of $9,487 U.S. currency. (*See id*.) Defendant now moves to dismiss claiming that Plaintiff's complaint lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and is also time barred. (ECF No. 5.)

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic  recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)).  Furthermore, a court need not accept "legal conclusions" as true.  *Iqbal*, 556 U.S. at 678.  Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.,* 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds).  Moreover, the court may consider the full text of those documents even when the complaint quotes only selected portions.  *Id.*

As a general rule, a court freely grants leave to amend a complaint which has been dismissed.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

///

15cv01551

### B.    Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss based on the court's lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  In such a motion, the plaintiff bears the burden of establishing the court's subject matter jurisdiction.  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).  A Rule 12(b)(1) jurisdictional attack may be either facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming that all of the allegations are true and construing the complaint in light most favorable to the plaintiff.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Thus, a motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege sufficient facts to establish jurisdiction.  *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air for Everyone*, 373 F.3d at 1039.  "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Savage*, 343 F.3d at 1039 n.2.

///

///

## III.    DISCUSSION

Defendant moves to dismiss, in part, on the grounds the federal common law privilege precludes Plaintiff's lawsuit.  A police officer has absolutely immunity under section 1983 for damages allegedly caused by his or her testimony in judicial proceedings.  *See Briscoe v. Lahue*, 460 U.S. 325, 328, 345-46 (1983) ("[I]n litigation brought under 42 U.S.C. § 1983, all witnesses-police officers as well as lay witnesses—are absolutely immune from civil liability based on their testimony in judicial proceedings."); *Holt v. Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987) (holding that "witnesses who testify in court at adversarial proceedings[, including police officers] are absolutely immune from liability under section 1983 for damages allegedly caused by their testimony"); *see also Rehberg v. Paulk*, 132 S.Ct. 1497, 1505-06 (2012).

Here, Plaintiff brings a section 1983 claim on the basis that Defendant "[k]nowingly tendered false testimony" during Plaintiff's criminal trial which "influenc[ed] a court's unfavorable decision . . . denying [him] the return of US Currency $9,487.00."  (Compl. at p. 2; *see also id*. at pp. 51-52, 62.)  Under clear United States Supreme Court and Ninth Circuit precedent, Defendant is entitled to absolute immunity from suit under section 1983 for any alleged damages caused by his testimony during the course of judicial proceedings.  Accordingly, Defendant's motion to dismiss is **GRANTED** and this case is dismissed **WITH PREJUDICE**.

## IV.    CONCLUSION & ORDER

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 5) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

**DATED:  March 16, 2016**

**Hon. Cynthia Bashant**
**United States District Judge**

15cv01551